Filed 6/21/24  P. v. Orta CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F086232 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. MF012682A & DF015517A) |
| JOSEPH ORTA, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P. J., Poochigian, J. and DeSantos, J.

Appellate counsel for defendant Joseph Orta has filed an opening brief summarizing the pertinent facts from two separate cases, and raising no issues, but asking this court to review the record of each case independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes a declaration from appellate counsel stating defendant was advised of his right to file a brief of his own with this court. By letter dated January 17, 2024, we also invited defendant to submit additional briefing. Defendant filed a request for an extension of time to file additional briefing, which was granted by this court on March 27, 2024. Defendant has not filed a response despite receiving additional time to do so.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following our Supreme Court's direction in *Kelly*, we provide a brief description of the facts and the procedural histories of both cases. (*Kelly*, at p. 110.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## PROCEDURAL AND FACTUAL SUMMARIES

This appeal addresses two separate cases which resulted in convictions against defendant who was already in prison for a prior conviction. The cases are unrelated factually. A third case is also referenced at various points in the record provided to this court, including the notice of appeal.[1] The third case referenced in the notice of appeal is the subject of a separate appeal pending before this court. (*People v. Orta*, F086230.)

**1. Case No. MF012682A**

On March 31, 2017, two correctional officers were overseeing the distribution of medication in a day room of one of the housing units at the California Correctional Institution in Tehachapi. Pursuant to the procedures in place at this facility, inmates were

---

[1] The third case referenced in the notice of appeal is listed with the trial court case No. DF016940A.

released from their cells, one at a time, to enter a line to receive their medications. One inmate was already in line when defendant was released from his cell. While the first inmate was taking his medication, defendant walked up to him, reached around, and was observed making a slashing motion across the inmate's face. The inmate, whose cheek began to bleed, tried to run away. All inmates were immediately instructed to get down. When defendant failed to get down on the floor, two officers used pepper spray to force him down. As defendant dropped to the floor, he threw or dropped an object. The object, which was retrieved by one of the officers, was revealed to be a stick with a razor blade attached to one end. At least one officer testified he heard no threats made by the victim to defendant, and a search of the victim revealed no weapons. The victim was treated by a facility nurse and then was transported to an outside hospital for treatment. The wound was determined to be a complex laceration, requiring two layers of sutures.

On March 9, 2023, an amended information charged defendant with assault with a deadly weapon by a state prisoner (Pen. Code,[2] § 4501, subd. (a), a felony; count 1), possession of a weapon while confined in a penal institution (§ 4502, subd. (a), a felony; count 2), and mayhem (§ 203, a felony; count 3). Defendant was also alleged to have inflicted great bodily injury in the commission of the assault and the mayhem offenses (§ 12022.7, subd. (a)). Additional aggravating circumstances were alleged pursuant to California Rules of Court, rule 4.421, and two prior convictions were pled as qualifying as "strikes" and serious felonies (§§ 667, subds. (c)−(j), 1170.12, subds. (a)−(e)).

Prior to the trial in this matter, defendant had numerous changes in his legal representation, including representing himself at various points. The record contains

---

[2] All further statutory references are to the Penal Code.

two *Faretta*[3] waivers completed by defendant for this specific case.[4]  At least two *Marsden*[5] hearings were also held to address defendant's concerns about his attorney.  Defendant was ultimately represented by an attorney during the trial of this case.

During the jury trial, the facts as summarized above were testified to by officers who were on duty during the incident, and by an investigator assigned to collect evidence following the incident.  Medical personnel at the prison and at the hospital also testified about the extent of the injuries suffered by the victim.  Defendant chose to testify on his own behalf.  Defendant testified he wanted the victim "[to] leave [him] alone."  During cross-examination, defendant stated he was not specifically aiming for the victim's face and neck, and that he had the weapon with him for his own protection.

On March 13, 2023, the jury found defendant guilty of committing all three counts alleged, and further found he caused great bodily injury as to count 1.  Following a bifurcated trial on the aggravated factors alleged in the amended information, the jury also found true allegations stating defendant had two prior serious felony convictions, and also that various factors in aggravation were also true.

On April 11, 2023, defendant was sentenced to a term of 25 years to life for the assault in count 1, which was enhanced by three years for the great bodily injury allegation, and further enhanced by 10 years for the two prior serious felony convictions.  The sentences for the remaining counts and allegations raised in this case were imposed and stayed.

---

[3]     *Faretta v. California* (1975) 422 U.S. 806.

[4]     Three waivers are actually part of the record.  However, the first waiver only references case No. DF015517A.

[5]     *People v. Marsden* (1970) 2 Cal.3d 118.

2.    **Case No. DF015517A**

On October 17, 2019, while an inmate at Kern Valley State Prison, defendant was one of approximately 12 inmates released from their cells into the facility's day room. Almost immediately, defendant was observed approaching another inmate and striking him three times. The correctional officer monitoring the day room instructed all inmates to "stop and … prone out." Another officer who was leaving the room at the time, returned upon hearing the order for the inmates to get down. This officer observed a puncture wound on the victim which was located on the left side of his head near the ear. Yet another officer responding to the incident handcuffed defendant, then found a weapon in his back pocket. After taking defendant to a holding cell, a strip search was conducted, and another weapon was found in defendant's right shoe. A licensed vocational nurse at the facility examined the victim and found a small puncture wound near his carotid artery. However, the nurse was able to stop the bleeding simply by applying pressure.

On March 15, 2023, an amended information was filed charging defendant with attempted murder (§§ 664/187, subd. (a), a felony; count 1), assault with a deadly weapon by a prisoner serving a life sentence (§ 4500, a felony; count 2), assault by a prison inmate with a deadly weapon or instrument (§ 4501, subd. (a), a felony; count 3), and possession of a weapon while confined in a penal institution (§ 4502, subd. (a), a felony; counts 4 & 5). The amended information further alleged defendant used a deadly or dangerous weapon in the commission of the attempted murder (§ 12022, subd. (b)(1)). Five circumstances in aggravation (Cal. Rules of Court, rule 4.421(a)(1), (a)(2), (b)(1)−(3)) were also alleged, and two prior convictions that qualified as "strikes" and/or serious felonies (§§ 667, subds. (c)−(j), 1170.12 subds. (a)−(e)).

In addition to the testimony of the officers and medical personnel who witnessed the incident, a letter written by defendant and sent to the Kern County District Attorney's

Office was entered into evidence and made available to the jury. The unredacted portion of the letter from defendant provides his reason for attacking the victim in this case.[6]

On March 16, 2023, the jury returned verdicts of guilty for each count alleged against defendant. The jury also found true the allegation attached to count 1 that defendant used a deadly or dangerous weapon in the commission of the attempted murder (§ 12022, subd. (b)(1)). In a bifurcated court proceeding, the trial court made a true finding on the prior conviction allegations and the aggravating factors.

On April 11, 2023, defendant was sentenced to a term of 27 years to life for count 2, enhanced by 10 years for two serious felony convictions; and, on count 5, possession of a weapon, a consecutive term of 25 years to life. Again, the sentences for the remaining counts and allegations in this case were imposed and stayed.

At the conclusion of sentencing, the court stated the total indeterminate term of 77 years for both cases would run consecutively to the life term defendant was already serving in a prior case from Los Angeles County. The total determinate term of 23 years for the various enhancements would also run consecutively.

## DISCUSSION

Having carefully reviewed the entire record, we conclude there are no arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

## DISPOSITION

The judgment is affirmed.

---

**6** While the original letter and a redacted version were both marked as separate exhibits in the trial court, only exhibit 10, the redacted version of the letter, was shown to the jury.